# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:17-cv-00723-JLT-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

　　　　On May 15, 2017, Petitioner filed a federal petition for writ of habeas corpus.[1] He named "People of California" as the respondent in this matter. However, "People of California" is not a proper respondent. On July 12, 2017, the Court issued an order advising Petitioner of his failure to name a proper respondent and granting him an opportunity to amend the petition in order to avoid dismissal of the action. Petitioner was advised that failure to amend the petition to state a proper respondent would result in dismissal for lack of jurisdiction. Over thirty days have now passed and Petitioner has failed to amend the petition or respond in any way. Therefore, the petition will be dismissed.

　　　　In addition, the Court declines to issue a certificate of appealability. A state prisoner

---

[1] On May 30, 2017, Petitioner consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 7.)

1

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court ORDERS:

1. The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction;
2. The Clerk of Court is DIRECTED to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **August 22, 2017**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE